IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED J. MORALES | ) | CASE NO. 1:09-CV-01593 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| DAVID BOBBY, WARDEN | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner, Alfred J. Morales ("Petitioner"), has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On December 18, 1985, he was convicted of two counts of aggravated murder: Aggravated Murder with prior calculation and design pursuant to R.C. 2903.01(A) and Aggravated Felony Murder during a kidnapping pursuant to R.C. 2903.02(B) with a kidnapping specification pursuant to R.C. 2905.01(B). After a mitigation hearing, he received the death penalty on the Aggravated Felony Murder count and a life sentence on the prior calculation and design count. The Petitioner's appeals to the State courts were unsuccessful. He then filed a Petition for Writ of Habeas Corpus in the United States District Court which was granted on the ground that his counsel in the mitigation hearing were ineffective. As a result, his death sentence was vacated. *Morales v. Coyle*, 98 F. Supp.2d 849 (N.D. Ohio 2000). The Sixth Circuit Court of Appeals affirmed the district court's decision in *Morales v. Mitchell*, 507 F.3d 916, 942 (6th Cir. 2007), remanding the case to the district court with instructions to issue a writ of habeas corpus vacating the death sentence unless the State of Ohio conducts a new penalty proceeding within 180 days of remand. On March 24, 2008, the State recommenced proceedings in the Court of Common Pleas of Cuyahoga County, Ohio. Petitioner filed a Motion to Prohibit the State From Seeking A New Sentencing Hearing And From

Seeking To Impose The Death Penalty If Such Hearing Is Allowed. On December 16, 2008, the trial court denied this Motion. This matter is now before the Court for consideration whether the present Petition constitutes a second or successive petition prohibited by 28 U.S.C. § 2244(b).

The Petition contains the following issue:

AFTER VACATION OF A DEATH SENTENCE WHEN A LIFE TERM IS UNAFFECTED IT IS A VIOLATION OF PETITIONER'S DOUBLE JEOPARDY PROTECTIONS TO ATTEMPT TO IMPOSE DEATH ON A RESENTENCING.

28 U.S.C. § 2244 provides:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

***

(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The statute does not define "second or successive." *James v. Walsh*, 308 F.3d 162, 167 (2nd Cir. 2002). Therefore, courts have used the pre-Anti Defamation and Effective Death Penalty Act "abuse of writ doctrine" to determine whether a petition for writ of habeas corpus is a second or

2

successive petition. *Id.* Under this standard, a petition is considered successive if "it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re March,* 209 Fed. Appx. 481, 483 (6th Cir. 2006) (quoting *In re Bowen,* 436 F.3d 699, 704 (6th Cir. 2006)) (citing *McCleskey v. Zant,* 499 U.S. 467, 489 (1991)).

The present Petition contains a claim that arose as a result of the federal courts' rulings on Petitioner's first Petition. He contends that the decision to allow him a rehearing on the mitigation phase of his trial constitutes double jeopardy. The issue has no connection to any of the claims previously raised, nor could it have been raised in the first Petition.

Accordingly, the Court finds that this Petition for Writ of Habeas Corpus is not prohibited by 28 U.S.C. § 2244(b).

IT IS SO ORDERED.

**FILED**

Date: JUL 17 2009

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

s/ Christopher A. Boyko
HONORABLE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE